### Albrecht v. Albrecht
*[Cite as 2 AOA 233]*

*Case No. CA-7904*
*Stark County, (5th)*
*Decided March 12, 1990*

R.C. 3105.18

*For Plaintiff-Appellant:James H. Brandon, Esq. 624 Market Ave. North, Canton, OH 44702.*

*For Defendant-Appellee: Jean C. Albrecht, In Propria Persona, 3931 North 48th Drive, Phoenix, Arizona 85031.*

HOFFMAN, P.J.

In this domestic relations appeal, James H. Albrecht is plaintiff-appellant and Jean C. Albrecht is defendant-appellee. The parties were married in 1953 and were divorced in Stark County by judgment entry filed April 15, 1983.

Subsequently, the trial court (Court of Common Pleas of Stark County Family Court Division) ruled that the sustenance alimony would be reduced to $300.00 per month and if appellee-wife earned in excess of $350.00 per month, the alimony would terminate. See Recommendation No. 1 of Report of Referee, P. 10, approved and adopted by the court as its judgment entry December 12, 1984. No appeal was taken from this order.

On January 13, 1989, appellant-husband moved the court to terminate alimony on the ground that appellee was earning in excess of the stated amount of $350.00. The motion came on for hearing and appellee testified that she was in fact earning more than the subject amount (approximately $435.00 per month). (See Report of Referee filed April 12, 1989).

Nonetheless, the referee recommended that the income restriction of $350.00 per month be "lifted." After appellant timely objected to said report of referee, the trial court approved and adopted the report stating:

"Referee has jurisdiction to modify order. No abuse of discretion nor mistake of law." (Order filed June 1, 1989).

Appellant appeals the judgment of the court and raises the following sole assignment of error:

*ASSIGNMENT OF ERROR NO. I.*
IT WAS AN ABUSE OF DISCRETION AND CONTRARY TO LAW FOR THE REFEREE TO MODIFY THE PRIOR ORDER OF THE COURT WITH REGARD TO THE REDUCTION OF ALIMONY.

## I.

As stated by appellant in his brief to this court, the order being appealed from came some five (5) years after the restriction on income was made a condition of the payment of alimony. In nullifying the restriction the referee erroneously "retried" the issue and arrived at a different conclusion than a different referee who heard the matter in 1984. It was error and an abuse of discretion on the part of the lower court to reopen the matter. Appellant's timely objections to the April 12, 1989 Report of Referee should have been sustained and the trial court should have ordered sustenance alimony to terminate pursuant to the valid and enforceable restriction placed in effect December 12, 1984 as cited *supra.*

The matter was *res judicata* when the trial court resurrected it in 1989.

Appellant's sole assignment of error is sustained and the judgment of the Court of Common Pleas of Stark County (Family Court Division) is reversed. This cause is remanded to said court for further proceedings in accord with this opinion.

*Judgment reversed*
*and cause remanded.*

SMART, J. and GWIN, J. Concur.